**S. C. LOVELAND CO., Inc., et al. v. EASTERN STATES FARMER'S EXCHANGE.***

No. 6422.

Circuit Court of Appeals, Third Circuit.

July 26, 1937.

Rehearing Denied Oct. 8, 1937.

*Writ of certiorari denied 58 S.Ct. 369, 82 L.Ed. ——.

James S. Benn, Jr., and Samuel B. Fortenbaugh, Jr., both of Philadelphia, Pa., for appellants.

Howard M. Long, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree in admiralty of the District Court for the Eastern District of Pennsylvania. The appellant Diamond P. Transportation Company was the owner of the freight barge Superior. The appellant Loveland Company, Inc., was the owner of the tug Active and was engaged in towing. The appellee, Eastern States Farmer's Exchange, arranged with Loveland Company, Inc., to transport a cargo of 402,730 pounds of superphosphate from Philadelphia to Wilmington. Loveland Company, Inc., procured the barge Superior from Diamond P. Transportation Company for the purpose. During the course of the trip, while in tow of the appellant's tug Active, water seeped into the barge and damaged 253,150 pounds of the superphosphate. The decree of the District Court held Diamond P. Transportation Company primarily liable and Loveland Company, Inc., secondarily liable for damages sustained by the appellee by reason of the destruction of the cargo of superphosphate.

The evidence justified the fact findings that there was floating ice in the river; that both appellants knew this fact; and that the barge was not sheathed to meet this condition. The owner and the charterer of the barge were properly held liable, the former in that it failed to put the barge into seaworthy condition before it allowed it to be chartered and used for the transportation of the cargo, and the latter in that it chartered the barge for use in transporting the appellee's cargo without subjecting it to examination to see whether it was seaworthy and suitable for the purpose for which chartered. The authorities sustain the learned District Judge in holding Diamond P. Transportation Company primarily liable and Loveland Company, Inc., secondarily liable. Pendleton v. Benner Line, 246 U.S. 353, 38 S.Ct. 330, 62 L. Ed. 770; Davis v. Dittmar (C.C.A.) 6 F. (2d) 141.

The decree of the court below is affirmed.